UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE HOWERTON, | ) | CIVIL ACTION NO. 1:17-cv-1908 |
| Plaintiff | ) | |
| | ) | (KANE, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| STEVEN A. KANDARIAN *et. al,* | ) | |
| Defendants | ) | |

## OPINION & ORDER DEEMING DISCOVERY MOTION WITHDRAWN (DOC. 12)

**BACKGROUND**

Andre Howerton married Monica Ellis on April 7, 2017. Tragically, she died suddenly three months later on July 10, 2017 of an apparent heart attack. During the relevant time periods, Monica was employed by Visa, one of the Defendants in this case. Monica participated in an employee benefit plan and at the time of her death was enrolled for $192,000 in basic life insurance benefits and $192,000 in optional life insurance benefits through a MetLife group life policy (Doc. 6, ¶3). Visa and MetLife admit that the basic and optional life insurance benefits became payable to the proper beneficiary (or beneficiaries) upon her death (Doc. 6, ¶3). This case will require us to determine the "proper beneficiaries."

Plaintiff, Andre Howerton, filed a pro se complaint (Doc. 2) on October 18, 2017, alleging "Fourteenth Amendment; Deliberate Indifference; and Obstruction

of Justice" [sic] against Visa, MetLife, the CEOs of Visa and MetLife, and two employees of Visa. He attached fourteen (14) Exhibits to his complaint. His complaint seeks an injunction and "one billion dollars" in damages (Doc. 2, ¶4). His cover sheet (Doc. 2-1) indicates that the Plaintiff is "the United States" [sic] and that this is a tort action alleging fraud.

Rather than seeking to dismiss the complaint on jurisdictional grounds, Defendants MetLife and Visa filed an Answer, Counterclaim, and Third Party Complaint (Doc. 6). In it they allege a dispute under The Employee Retirement Income Security Act of 1974 (*ERISA*) with a claim for interpleader, against Howerton, adding Third Party Defendants Marc McCoy, Latia Manigault and J.M., a minor. According to MetLife and Visa these three individuals are named as beneficiaries, along with Howerton, under the insurance policies in dispute.

Going forward, we will treat this case as properly before the Court under ERISA with Howerton's claims treated as pendant state law torts. We turn now to the Motion that is the subject of this Opinion and Order.

**THE MOTION FOR DISCOVERY (DOC. 12)**

Howerton was provided with the Standing Practice Order in Pro Se Plaintiff Cases (Doc. 3) when his complaint was filed. The cover letter instructs: "You are responsible for reading and complying fully with the rules and guidelines as they are set forth in the Order." The attached Standing Order 94-2 (Amended 02/08/11)

specifically instructs a *pro se* plaintiff on the requirements for Motion practice in

the Middle District.  Specifically, the Order includes this language:

> Local Rule 7.1 provides that all motions must be written, be accompanied by a proposed order, and include a certificate indicating whether the opposing party concurs with the motion. However, no concurrence need be sought in *pro se* prisoner cases.
> Local Rule 7.5 requires that any party who files a motion shall be required to file a brief in support of that motion within fourteen (14) days of the filing of the motion. Local Rule 5.1(h) requires that the motion and brief be separate documents. If a moving party does not file a brief in support of his or her motion within the 14-day deadline, Local Rule 7.5 provides that the party shall be deemed to have withdrawn the motion.

On November 29, 2017, Howerton filed a "Request for Documents and

Discovery Material."  There is no certificate of concurrence or proposed Order as

required by L.R. 7.1.  Furthermore, more than fourteen days have elapsed and no

brief has been filed as required by L.R. 7.4.

We recognize that the Howerton is proceeding *pro se* and that the task of

federal litigation is a daunting one.  It is however a task he has chosen and he must

proceed at his own peril.  Howerton claims he is owed a billion dollars; MetLife

and Visa contend the amount in controversy is $268,800.  Either amount should

justify the involvement of an attorney with the necessary skill and experience to

guide Mr. Howerton through the minefield that is federal civil litigation.  He is

respectfully urged to consult with an attorney about his case before proceeding

further.  An attorney would tell him, for instance, that under Fed.R.Civ.P. 26, the

parties should engage in voluntary disclosure and that this duty occurs at or within 14 days AFTER the Rule 26(f) conference [Fed.R.Civ.P. 26(D)] or 30 days after being served if the initial Rule 26(f) conference has been held [Fed.R.Civ.P. 26(E)].

This case has been assigned to me for pre-trial management. Under Fed.R.Civ.P. 16(a)(2) I should issue a scheduling order by January 11, 2018. The parties are advised that once the "third party defendants" have been served I will schedule an initial case management conference to be held by telephone. At that conference we will discuss the timetable for discovery, early motions, consent to proceed before a magistrate judge, and early mediation. It is my practice to require that parties seek permission from the court before filing any discovery motions.[1]

**CONCLUSION**

For the reasons stated, the Plaintiff's Motion for Discovery (Doc. 12) is deemed withdrawn. The Plaintiff is urged to seek the advice of counsel or at a

---

[1] The preferences of the judges of the Middle District are available on the court's website: www.pamd.uscourts.gov where my preference regarding discovery is spelled out:

> **Federal Rule 26 and M.D. Pa. Local Rule 26.1 et seq. (Including your approach to initial disclosures, discovery prior to the Rule 16 conference) and preferences as to the matters encompassed within those Rules.**
>
> Judge Arbuckle expects counsel to make all reasonable efforts to resolve discovery disputes. Counsel is instructed at the case management conference to initiate a conference with Judge Arbuckle before any discovery motion is filed. Judge Arbuckle will attempt to resolve the dispute without the necessity of a motion. The request for a conference should be made to the Judge's Courtroom Deputy. Prior to the conference, counsel for both parties should submit a letter through CM/ECF containing a brief description of the nature of the dispute without any discussion of the merits of the positions of the parties.

minimum familiarize himself with the rules of procedure that will apply to his case.

**ORDER**

The Clerk is instructed to mark the Plaintiff's Motion for Discovery (Doc. 12) withdrawn in accordance with L.R. 7.5.


Date: December 21, 2017                    *s/ William I. Arbuckle*
                                          William I. Arbuckle
                                          U.S. Magistrate Judge