UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE HOWERTON, | ) | CIVIL ACTION NO. 1:17-cv-1908 |
| Plaintiff | ) | |
| | ) | (KANE, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| STEVEN A. KANDARIAN *et. al,* | ) | |
| Defendants | ) | |

## OPINION AND ORDER ON MOTION TO ADD VISA CLAIMANT PACKET TO THE RECORD (DOC. 16)

**BACKGROUND**

Andre Howerton married Monica Ellis on April 7, 2017. Tragically, she died suddenly three months later on July 10, 2017 of an apparent heart attack. During the relevant time periods, Monica was employed by Visa, one of the Defendants in this case. Monica participated in an employee benefit plan and at the time of her death was enrolled for $192,000 in basic life insurance benefits and $192,000 in optional life insurance benefits through a MetLife group life policy (Doc. 6, ¶3). Visa and MetLife admit that the basic and optional life insurance benefits became payable to the proper beneficiary (or beneficiaries) upon her death (Doc. 6, ¶3). This case will require us to determine the "proper beneficiaries."

Plaintiff, Andre Howerton, filed a pro se complaint (Doc. 2) on October 18, 2017, alleging "Fourteenth Amendment; Deliberate Indifference; and Obstruction of Justice" [sic] against Visa, MetLife, the CEOs of Visa and MetLife, and two

employees of Visa.  He attached fourteen (14) Exhibits to his complaint.  His complaint seeks an injunction and "one billion" dollars in damages (Doc. 2, ¶4).  His cover sheet (Doc. 2-1) indicates that the Plaintiff is "the United States" [sic] and that this is a tort action alleging fraud.

Rather than seeking to dismiss the complaint on jurisdictional grounds Defendants MetLife and Visa filed an Answer, Counterclaim, and Third Party Complaint (Doc. 6).  In it the allege a dispute under ERISA with a claim for interpleader, against Howerton, adding Third Party Defendants Marc McCoy, Latia Manigault and J.M., a minor.   According to MetLife and Visa, these three individuals are named as beneficiaries, along with Howerton, under the insurance policies in dispute.

Going forward, we will treat this case as properly before the Court under ERISA with Howerton's claims treated as pendant state law torts.   We turn now to the Motion that is the subject of this Opinion and Order.

**THE MOTION TO ADD VISA CLAIMANT PACKET TO THE RECORD (DOC. 16)**

Howerton was provided with the Standing Practice Order in Pro Se Plaintiff Cases (Doc. 3) when his complaint was filed.  The cover letter instructs: "You are responsible for reading and complying fully with the rules and guidelines as they are set forth in the Order."  The attached Standing Order 94-2 (Amended 02/08/11)

specifically instructs a *pro se* plaintiff on the requirements for motion practice in the Middle District. Specifically the Order includes this language:

> Local Rule 7.1 provides that all motions must be written, be accompanied by a proposed order, and include a certificate indicating whether the opposing party concurs with the motion. However, no concurrence need be sought in *pro se* prisoner cases.
> Local Rule 7.5 requires that any party who files a motion shall be required to file a brief in support of that motion within fourteen (14) days of the filing of the motion. Local Rule 5.1(h) requires that the motion and brief be separate documents. If a moving party does not file a brief in support of his or her motion within the 14-day deadline, Local Rule 7.5 provides that the party shall be deemed to have withdrawn the motion.

On December 7, 2017 Howerton filed a "Motion to Add Visa Claimant Packet to the Record." There is no proposed order or certificate of concurrence as required by L.R. 7.1. Furthermore, more than fourteen days have elapsed and no brief has been filed as required by L.R. 7.4.

More important than the procedural defects is the lack of a proper legal basis to add documents to the record by motion. If Howerton seeks to amend his complaint, he should do so in accordance with Fed.R.Civ.P. 15. I am not aware of any procedure that allows simply adding documents "to the record" by motion at this stage. If Howerton has some authority to allow such a procedure he should include it in a renewed motion.

As I stated in an earlier Opinion and Order in this case we recognize that Howerton is proceeding *pro se* and that the task of federal litigation is a daunting

one. It is however a task he has chosen and he must proceed at his own peril. Howerton claims he is owed a billion dollars; MetLife and Visa contend the amount in controversy is $268,800. Either amount should justify the involvement of an attorney with the necessary skill and experience to guide Mr. Howerton through the minefield that is federal civil litigation. He is respectfully urged to consult with an attorney about his case before proceeding further.

**CONCLUSION**

For the reasons stated the Plaintiff's Motion To Add Visa Claimant Packet to the Record (Doc. 16) will be denied. The Plaintiff is urged to seek the advice of counsel or at a minimum familiarize himself with the rules of procedure that will apply to his case.

**ORDER**

The Plaintiff's Motion to Add Visa Claimant Packet to the Record (Doc. 16) is **DENIED** without prejudice.

Date: December 22, 2017          *s/ William I. Arbuckle*
                                  William I. Arbuckle
                                  U.S. Magistrate Judge